IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SARAH MARIE CHERMAK                                                                                          PLAINTIFF

v.                                                Civil No. 14-3114

BARRACK HUSSEIN OBAMA, Acting
in the Office of the President of the United
States a/k/a Barry Soetoro; MEMBERS OF
CONGRESS BOTH SENATE AND HOUSE;
and MEMBERS OF THE SUPREME COURT                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff proceeds in this case *in forma pauperis* and *pro se*. This case is before me for pre-service screening. Under the *in forma pauperis* statute, 28 U.S.C. § 1915, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

### I. Background

According to the allegations of the complaint, the President, Members of both the House and the Senate, and the members of the Supreme Court do not adhere to the provisions of the United States Constitution, do not uphold their oaths of office, and do not faithfully execute the laws of the United States. Plaintiff alleges that Defendants are guilty of misprison of treason and sedition.

### II. Discussion

"In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(*quoting Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007)). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This case is subject to dismissal. Because Plaintiff has named federal officials as Defendants, I construe this case as a *Bivens* claim. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 397 (1971), the United States Supreme Court allowed a plaintiff to seek money damages from federal officials for alleged violations of rights secured by the Constitution and laws of the United States. "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Christian v. Crawford,* 907 F.2d 808, 810 (8th Cir. 1990).

While *Bivens* allows a plaintiff to seek redress against federal actors for civil rights violations, the Supreme Court has held that a plaintiff has no *Bivens* cause of action against federal agencies, the United States, or public officials acting in their official capacities. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 (1994). Plaintiff, therefore, has no *Bivens* action against the United States President, the members of the House and the Senate, or the members of the Supreme Court acting in their official capacities.

Furthermore, the factual allegations contained in the complaint are irrational and clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325-328 (1989)(clearly baseless allegations are those that are fantastic, fanciful, or delusional.).

### III.  Conclusion

For the reasons stated, I recommend that this case be dismissed as the claims are frivolous and fail to state claims on which relief may be granted.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of March, 2015.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE